```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                WESTERN DISTRICT OF MISSOURI
                      WESTERN DIVISION
```

| | |
|---|---|
| FREDDY D. NORRIS, | ) |
|     Plaintiff, | ) |
| | )    Civil Action |
| vs. | )    No. 10-0359-CV-W-JCE-SSA |
| Michael J. Astrue, Commissioner of Social Security, | ) |
|     Defendant. | ) |

# **O R D E R**

This case involves the appeal of the final decision of the Secretary denying plaintiff's application for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401, et seq and his application for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § 1381, et seq. Pursuant to 42 U.S.C. § 405(g), this Court may review the final decision of the Secretary. Pending before the Court at this time are plaintiff's brief and defendant's reply brief in support of the administrative decision.

## Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one

1

position represents the Agency's findings, the Court must affirm the decision if it is supported on the record as a whole. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A). Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990). In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment. Id. Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled. The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski. The ALJ must give full consideration to all of the relevant evidence on the Polaski factors and may not discredit subjective complaints unless they are inconsistent with the evidence in the record as a whole. Haynes v. Shalala, 26 F.3d 812, 814

2

(8th Cir. 1994).

## Discussion

Plaintiff, at the time of the hearing, was 55 years of age and had completed two years of college. His work history consists primarily of part-time and temporary employment, including furniture assembly; cashier; delivery driver; janitorial services; security officer and auto parts salesman. His most recent employment was at Auto Zone. Because of difficulty lifting, his hours were reduced from 30 hours to 10 hours per week. He ultimately left this employment because of anxiety.

It was plaintiff's testimony at the hearing before the ALJ that his most severe problem is pain , tingling and numbness in his hands. Because of this, he cannot manipulate small objects such as buttons or zippers. He cannot open sealed packages and must use scissors. He frequently drops items because of the difficulty operating his hands and fingers.

His daily activities are limited by severe pain in his hands and in his back. The back pain prohibits him from standing for an extended period of time. He has difficulty walking for more than a block or a block and a half, and experiences shortness of breath when he attempts to do so. He was involved in an automobile accident, which caused injury to his shoulder, and he is unable to reach for items which require extension of his arms or shoulders.

Finally, he testified that he has experienced anxiety, which caused him to leave his job at Auto Zone, however, he has received no treatment for mental impairment.

His testimony regarding his limitations are supported in large part by the testimony of Mary Louise Duffy, a friend and neighbor, as well as third-party questionnaires submitted by Mr. Jewel Groom, a friend and neighbor, and Maxine Dorn, a social worker in plaintiff's

building.

It was the finding of the ALJ that:

1. Claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act and is insured for benefits at least through the date of this decision.

2. Claimant has not engaged in substantial gainful activity since the alleged onset of disability, but did work after his alleged onset date, earning more than he earned in the year he alleges disability.

3. Claimant has the following impairments that are "severe" when considered in combination: degenerative disc disease of the lumbar spine, and obesity.

4. Claimant's medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds claimant's allegations and third party statements regarding his limitations are not credible for the reasons set forth in the body of this decision.

6. Giving claimant great benefit of the doubt, he retains the following residual functional capacity: He can do light work, lifting 20 pounds occasionally and 10 pounds frequently; can occasionally stoop, crouch, crawl, and balance; and must avoid concentrated exposure to extremes of temperature, fumes, gases, dust and odors.

7. Claimant's past relevant work as a grocery cashier, cashier II, security officer, auto action driver, cleaner and sorter/price marker–retail, do not require the performance of work-related activities precluded by his residual functional capacity. This finding is supported by vocational expert testimony.

8. Claimant's medically determinable impairments do not prevent claimant from performing his past relevant work. This finding is based on vocational expert testimony.

9. Claimant has not been under a "disability" as defined in the Social Security Act, at any time through the date of the decision.

Plaintiff asserts that the ALJ erred because there was not substantial evidence in the record as a whole to support the ALJ's findings. Specifically, the ALJ did not give proper weight to the opinions of treating physicians and the lay evidence and testimony. He also asserts that the ALJ erred by failing to find plaintiff's osteoarthritis of the knee and hands, severe

4

anxiety and depression to be severe impairments. Additionally, she failed to properly assess plaintiff's residual functional capacity.

Having fully reviewed the record, the Court finds that there is not substantial evidence in the record as a whole to support the decision of the ALJ. The Court agrees with plaintiff that there is objective medical evidence to support his complaints regarding his impairments. It is clear that despite the lack of resources, plaintiff has sought and received a wide range of medical care from the Jackson County Free Clinic and Swope Parkway Health Center. The physicians at those treating facilities include Dr. McCandless and Dr. K. Gay Purcell. They have diagnosed plaintiff with sciatica, osteoarthritis of the knee and hands, and severe anxiety and depression. It has also been noted that he has degenerative joint disease of the back, knees and hands. Doctor Purcell has completed a medical source statement, noting plaintiff's limitations.

While it is clear that the ALJ is not bound by the conclusions of treating physicians, their opinions are entitled to a greater weight, if supported by the record as a whole. In this case, the diagnosis and the limitations noted are consistent with plaintiff's testimony and the observance of third parties. There is no significant record to contradict the opinions submitted by the treating physicians. The ALJ erred in not affording greater weight to the opinions and by discounting the testimony of plaintiff and the supporting lay witnesses. The record is also clear that if the opinions of the treating physicians and other evidence in the record is given proper weight, the ALJ could not have assessed the residual functional capacity in the manner set forth in this record. Finally, had proper weight been given, as noted above, plaintiff's complaints of osteoarthritis of the hands, in combination with the other impairments noted herein, would be severe.

For the foregoing reasons, the Court is convinced that there is not substantial evidence in the record as a whole to support the ALJ's decision, and that plaintiff has met his burden of establishing that he suffers from a combination of impairments that render him disabled. Accordingly, the decision of the Secretary should be reversed.

It is hereby

ORDERED that plaintiff's motion for judgment on the pleadings be, and it is hereby, granted. It is further

ORDERED that, pursuant to 42 U.S.C. § 405(g), this matter be remanded to the Commissioner for the calculation and award of benefits.

    /s/ James C. England
JAMES C. ENGLAND
United States Magistrate Judge

Date: April 29, 2011